# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TANYA DOTSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case number 4:16cv01593PLC |
| | ) |
| BAYER CORP., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion to remand [ECF No. 12] and supplemental authority. Defendants filed a memorandum in opposition [ECF No. 19] as well as supplemental authority. The Court heard oral argument on the motion.

## Background

Plaintiffs are ninety-four Essure users, who are citizens of Missouri and thirty other states. Plaintiffs filed this action in the Circuit Court of the City of St. Louis, Missouri, seeking monetary relief, including punitive damages, for injuries allegedly arising out of their use of Essure, a medical device for permanent birth control.[1] Bayer Corp.; Bayer Healthcare LLC; Bayer Essure, Inc. f/k/a Conceptus, Inc.; and Bayer Healthcare Pharmaceuticals, Inc., all non-citizens of Missouri, ("Defendants")[2] allegedly manufactured, promoted, marketed, and sold the Essure device while concealing the safety risks of its use. In their fourteen-count petition, Plaintiffs allege Defendants are liable for negligence, negligence per se, negligent misrepresentation, strict liability (failure to

---

[1] A doctor implants the Essure device in a woman's fallopian tubes, which are subsequently blocked. Each Plaintiff alleges that, after her doctor implanted the Essure device, she suffered severe injuries such as increasingly severe and chronic pain; migration of the device's coils to other organs; excessive hair loss; excessive weight gain; chronic fatigue; and surgical procedures, including hysterectomies, to remove the Essure device.

[2] Plaintiffs and Bayer Corp.; Bayer Healthcare LLC; Bayer Essure, Inc. f/k/a Conceptus, Inc.; and Bayer Healthcare Pharmaceuticals, Inc., consented to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c).

warn and manufacturing defect), common law fraud, constructive fraud, fraudulent concealment, breach of express warranty, breach of implied warranty, violations of various states' consumer protection statutes, violations of the Missouri Products Liability statute and the Missouri Merchandising Practices Act, gross negligence and punitive damages. As support for their state law claims for negligence, negligence per se, negligent misrepresentations, strict liability, and violations of the Missouri Products Liability statute, Plaintiffs allege, in relevant part, that Defendants violated provisions of the Federal Food, Drug and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 *et seq.*, and related provisions of the Code of Federal Regulations ("CFR").

Pursuant to 28 U.S.C. Sections 1441 and 1446, Defendants removed the lawsuit on the grounds this Court has: (1) diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, for each Plaintiff's claim and complete diversity of citizenship exists between the "proper Plaintiffs" and Defendants; (2) federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiffs "plead violations of federal law on the face of their" petition, the Essure medical device received "the highest level of scrutiny available" prior to approval by the Food and Drug Administration ("FDA"), and exercise of federal question jurisdiction "will not disrupt the balance between state and federal" courts; and (3) removal jurisdiction under the "mass action" provision of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(11)(B)(i), due to the number of Plaintiffs and claims when considered in conjunction with the number of plaintiffs and claims in "nearly identical complaints" filed in five other removed Essure device cases.[3] With respect to the Court's diversity jurisdiction, Defendants

---

[3] The five other removed cases expressly referenced by Defendants are: Dorman v. Bayer Corp., 4:16cv00601 HEA (E.D. Mo. filed Apr. 28, 2016); Tenny v. Bayer Corp., 4:16cv01189 RLW (E.D. Mo. filed July 20, 2016); Jones v. Bayer, 4:16cv01192 JCH (E.D. Mo. filed July 20, 2016); Mounce v. Bayer Inc., 4:16cv01478 RLW (E.D. Mo. filed Sept. 19, 2016), and Hall v. Bayer Corp., 4:16cv01523 CEJ (E.D. Mo. filed Sept. 26, 2016). Except for Hall, those cases have been remanded to state court.

further urge there is complete diversity if the Court ignores the citizenship of the non-diverse Plaintiffs who, Defendants assert, were fraudulently joined or fraudulently misjoined. [4] Additionally, Defendants argue the Court should initially exercise its discretion and dismiss the non-Missouri Plaintiffs, including the non-diverse Plaintiffs, due either to lack of personal jurisdiction or the doctrine of *forum non conveniens*.

By contrast, Plaintiffs contend in their motion to remand that the Court should first resolve subject matter jurisdiction issues because they are "straight forward" and "not arduous." In particular, Plaintiffs move to remand due to the absence of subject matter jurisdiction on the grounds that: (1) complete diversity does not exist between all Defendants and all Plaintiffs, who are all properly joined; (2) Defendants' alleged violations of the FDCA and CFR are not sufficiently substantial to confer federal question jurisdiction in a case, such as this one, presenting "traditional state law tort claims"; and (3) removal jurisdiction under the "mass action" provision of the CAFA is inappropriate because no party has proposed a joint trial of the claims in this and the similar removed cases.

**Legal Standard**

A defendant may remove to federal district court any state court civil action over which the federal district court could exercise original jurisdiction. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1331, a federal district court has original federal question jurisdiction over "civil actions arising under the . . . laws . . . of the United States." Title 28 U.S.C. Section 1332 confers federal diversity jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interest and costs. With exceptions not applicable here,

---

[4] Defendants also argue in their notice of removal that the amount-in-controversy requirement for this Court's diversity jurisdiction is satisfied. Plaintiffs appear to concede that the amount-in-controversy requirement for diversity jurisdiction is satisfied.

a federal court also has removal jurisdiction under the CAFA over a claim exceeding $75,000 pursued by a plaintiff in a "mass action," which, as noted earlier, is statutorily defined as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i).

A removing "defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." In re Prempro Prods. Liab. Litig., 591 F.3d 613, 619 (8th Cir. 2010). A federal court must remand the case to state court if the federal court lacks subject matter jurisdiction. Id. at 620; 28 U.S.C. § 1447(c). Importantly, "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court." In re Prempro Prods. Liab. Litig., 591 F.3d at 620.

**Discussion**

A. Priority of Jurisdiction Issues

The United States Supreme Court stated in Ruhrgas v. Marathon Oil Co., 526 U.S. 574 (1999), that "[c[ustomarily, a federal court first resolves doubts about its jurisdiction over the subject matter." Id. at 578. "[I]n most instances subject-matter jurisdiction will involve no arduous inquiry [and] . . . both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." Id. at 587-88. A district court resolves personal jurisdiction issues before subject-matter jurisdiction issues only where "a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question." Id. at 588.

Defendants contend the personal jurisdiction issues are straightforward and, therefore, should be resolved before subject matter jurisdiction. General personal jurisdiction is absent,

4

Defendants argue, because Defendants do not have continuous and systematic contacts with Missouri that render Defendants "essentially at home" in Missouri, citing Daimler AG v. Bauman, 134 S. Ct. 746, 760-61 and n. 19 (2014). With respect to specific personal jurisdiction, Defendants urge such jurisdiction does not exist because the injuries of the non-diverse Plaintiffs do not arise out of and are not related to any conduct or transaction that occurred in Missouri, citing Johnson v. Arden, 614 F.3d 785, 795 (8th Cir. 2010). In contrast to the personal jurisdiction issues, Defendants assert, the subject-matter jurisdiction issues involve the resolution of complex questions of whether the non-diverse Plaintiffs were fraudulently joined or fraudulently misjoined.

In other removed Essure device cases in this district, our court has consistently resolved the subject-matter jurisdiction issues first, upon concluding that personal jurisdiction issues "require[] a more fact-intensive inquiry than the straightforward issue of subject-matter jurisdiction." See, e.g., Dorman v. Bayer Corp., No. 4:16cv00601 HEA, 2016 WL 7033765, at *1 (E.D. Mo. Dec 2, 2016); Williams v. Bayer Healthcare, LLC, No. 4:16cv01105 RLW, 2016 WL 7235701, at *1-2 (E.D. Mo. Dec. 13, 2016); Jones v. Bayer Corp., No. 4:16cv01192 JCH, 2016 WL 7230433, at *2 n.3 (E.D. Mo. Dec. 14, 2016). Finding the subject-matter jurisdiction inquiry here is not "arduous," the Court likewise resolves the subject-matter jurisdiction issues prior to the personal jurisdiction issues. Accord Tabor v. Bayer Corp., No. 4:16cv01682 RWS, Mem. and Order at 3 (E.D. Mo. Dec. 16, 2016).

Defendants also urge the Court to consider *forum non conveniens* issues before addressing subject-matter jurisdiction issues, because dismissing the non-diverse Plaintiffs' claims based on the *forum non conveniens* doctrine would leave only completely diverse parties before the Court. In support of dismissal of the non-diverse Plaintiffs under the *forum non conveniens* doctrine, Defendants argue each non-diverse Plaintiff has an adequate alternative forum in her own state's

courts. Plaintiffs did not respond to this argument.

In Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422 (2007), the United States Supreme Court held that:

> a district court has discretion to respond at once to a defendant's *forum non conveniens* plea, and . . . . need not resolve whether it has . . . subject-matter jurisdiction . . . or personal jurisdiction over the defendant if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case.

Id. at 425. When a district court "can readily determine that it lacks jurisdiction over the cause or the defendant, [however,] the proper course would be to [resolve the action] on that ground." Id. at 436. Reiterating the statement in Ruhrgas, supra, that subject matter jurisdiction will not usually involve an arduous inquiry, the Supreme Court in Sinochem Int'l Co., concluded, "where subject-matter or personal jurisdiction is difficult to determine," a district court "properly takes the less burdensome course" by considering *forum non conveniens* issues that "weigh heavily in favor of dismissal." Id. Importantly, the Supreme Court observed that, in federal courts, the common law *forum non conveniens* doctrine applies "'only in cases where the alternative forum is abroad,' and perhaps in rare instances where a state or territorial court serves litigational convenience best." Id. at 429 (citation omitted) (quoting American Dredging Co. v. Miller, 510 U.S. 443, 449 n. 2 (1994)). Here, the subject-matter jurisdiction issues are not arduous or difficult. Thus, the Court declines to resolve issues of *forum non conveniens* prior to subject-matter jurisdiction issues.

    B. Resolution of Subject Matter Jurisdiction Issues

        1. Diversity Jurisdiction.

Plaintiffs contend that the Court lacks subject matter jurisdiction based on diversity because there is not complete diversity between all Plaintiffs and all Defendants. Defendants counter that the non-diverse Plaintiffs were fraudulently misjoined or fraudulently joined.

Title 28 U.S.C. Section 1332 requires complete diversity of citizenship, meaning "*each* defendant is a citizen of a different State from *each* plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978) (emphasis in original); see OnePoint Sols., LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) ("Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship"). The allegations of the petition and notice of removal demonstrate that three Plaintiffs share the same state of citizenship as Defendants. Specifically, Plaintiff Marie Baldwin is a citizen of New Jersey, Plaintiff Claudia Merisca is a citizen of Pennsylvania, and Plaintiff Ashley Thrush is a citizen of Indiana. Defendant Bayer Corp. is a citizen of Indiana and Pennsylvania; Defendant Bayer HealthCare LLC is a citizen of New Jersey and Pennsylvania; and Defendants Bayer Essure, Inc. and Bayer Healthcare Pharmaceuticals, Inc. are citizens of New Jersey. Therefore, complete diversity is absent.

(a.) Fraudulent Misjoinder

While not applying fraudulent misjoinder, the Eighth Circuit has recognized a "fraudulent misjoinder doctrine" as an exception to "the complete diversity rule." In re Prempro Prods. Liab. Litig., 591 F.3d at 620, 622. Fraudulent misjoinder "occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other." Id. at 620 (internal quotation marks omitted) (quoting Ronald A. Parsons, Jr. *Should the Eighth Circuit Recognize Procedural Misjoinder?* 53 S.D. L. Rev. 52, 57 (2008)). Importantly, fraudulent misjoinder requires "egregious" misjoinder, rather than "mere misjoinder." Id. at 621 (internal quotation marks omitted) (quoting Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996)). After considering the joinder standards of Federal Rule of Civil Procedure 20, and without deciding the propriety of joinder under

Rule 20, the Eighth Circuit declined to apply fraudulent misjoinder because it was not clear that joinder "border[ed] on a 'sham.'" Id. at 623-24 (quoting Tapscott, 77 F.3d at 1360).

Defendants contend that the non-diverse Plaintiffs are fraudulently misjoined. More specifically, Defendants claim that the non-diverse Plaintiffs' joinder does not comport with Federal Rule of Civil Procedure 20 because of the factual differences among Plaintiffs. Plaintiffs note that the Eighth Circuit has not applied fraudulent misjoinder and, even if it did, in this case there is no egregious misjoinder that operates to invalidate joinder under Rule 20.

In another Essure device case, our court relied on In re Prempro Prods. Liab. Litig., supra, and concluded the joinder of numerous plaintiffs alleging injury from a single medical device was not "egregious misjoinder." See Jones, 2016 WL 7230433, at *3. While acknowledging that there may be differences among the plaintiffs' claims, our court found all claims (1) focused on the same product, the Essure device; (2) arose "out of the same development, distribution, marketing, and sales practices for that product"; and (3) had common issues of law and fact that were "likely to arise in the litigation." Id. (internal quotation marks omitted) (quoting Spears v. Fresenius Med. Care N. Am., Inc., 2013 WL 2643302, at *3 (E.D. Mo. June 12, 2013)). Accordingly, our court concluded, removal based on diversity jurisdiction was inappropriate under fraudulent misjoinder principles.

For the reasons set forth in Jones, the Court concludes that Defendants have not satisfactorily established fraudulent misjoinder. Accord Anders v. Medtronic, Inc., No. 4:14cv00194 ERW, 2014 WL 1652352, *2-3 (E.D. Mo. Apr. 24, 2014) (fraudulent misjoinder did not support the district court's subject matter jurisdiction over a removed action pursued by multiple plaintiffs against the manufacturers of a medical device because the joinder of a non-diverse plaintiff was "far from 'egregious'").

(b.) Fraudulent Joinder

Defendants also argue that complete diversity exists based on fraudulent joinder. Plaintiffs assert joinder is proper because all of their claims relate "to injuries caused by the implantation and use of Essure, the manipulation of safety information, manufacturing problems common to the device, concealment of [complaint] reports, and withholding of safety information."

"Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." In re Prempro Prods. Liab. Litig., 591 F.3d at 620 (citing Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 809 (8th Cir. 2003)). To decide whether a party is fraudulently joined, a court "considers whether there is any reasonable basis in fact or law to support a claim against a nondiverse defendant." Id.

Defendants contend that fraudulent joinder exists here because the non-diverse Plaintiffs cannot establish personal jurisdiction over Defendants under Missouri law. In other removed Essure device cases, our court has consistently concluded that an alleged lack of personal jurisdiction does not establish fraudulent joinder. See, e.g., Dorman, 2016 WL 7033765, at *2; Williams, 2016 WL 7235701, at *2-3. For the reasons set forth in those decisions, Defendants have not satisfactorily established fraudulent joinder to support the Court's exercise of diversity jurisdiction.

2. Federal Question Jurisdiction

Defendants argue the Court has federal question jurisdiction because Plaintiffs' state law claims are predicated on numerous alleged violations of federal requirements and the federal law questions do not arise only as a pre-emption defense. Therefore, Defendants urge, Plaintiffs' claims raise a substantial federal question and this Court's exercise of jurisdiction will not disrupt the balance between state and federal jurisdiction. Plaintiffs counter that there is no private right of action for violations of the FDCA and the United States Supreme Court has concluded that

violations of the FDCA alleged as part of a state cause of action are not sufficiently "substantial" to support federal-question jurisdiction. Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808-17 (1986). Plaintiffs further contend they may pursue their "parallel" state tort damages claims regarding the Essure device, citing Riegel v. Medtronic, Inc., 552 U.S. 312, 321-30 (2008). To the extent Defendants pursue a pre-emption argument, Plaintiffs contend the state courts may handle pre-emption issues.

A federal court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The rule permits a plaintiff to "avoid federal jurisdiction by exclusive reliance on state law." Id.

A "less frequently encountered variety of federal 'arising under' jurisdiction [exists, however, when] state-law claims . . . implicate significant federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). When considering whether to exercise federal question jurisdiction over state-law claims, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. at 314.

In other removed Essure device cases, our court has consistently rejected Defendants' federal question jurisdiction argument. Dorman, 2016 WL 7033765, at *3-4; Johnson v. Bayer Corp., No. 4:16cv000729 CEJ, 2016 WL 3015187, at *2-3 (E.D. Mo. May 26, 2016); Williams, 2016 WL 7235701, at * 3-4; Tabor, No. 16cv01682 RWS, Mem. and Order at 5. For the reasons set forth in

those decisions, the Court concludes the federal issues raised in Plaintiffs' petition for monetary relief based on state law are not substantial and this Court's exercise of federal question jurisdiction would disturb the balance of federal and state court responsibilities. Accord Anders, 2014 WL 1652352, at *4-7. Therefore, the Court declines to exercise federal question jurisdiction.

### 3. Mass Action Jurisdiction under the CAFA

Defendant argues this case is part of a "mass action" under the CAFA. Plaintiffs counter that the CAFA mass action provision does not support jurisdiction because this case does not have 100 plaintiffs and there is no proposal jointly to try the other similarly-removed Essure device cases.

The CAFA allows removal to federal court of mass actions defined, in relevant part, as civil actions in which 100 or more individuals pursue claims for monetary relief and there is a proposal to try the claims "jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i). "[S]tate court plaintiffs with common claims against a common defendant may bring separate cases with fewer than 100 plaintiffs each to avoid federal jurisdiction under CAFA – unless their claims are 'proposed to be tried jointly.'" Atwell v. Boston Sci. Corp., 740 F.3d 1160, 1162-63 (8th Cir. 2013) (quoting 28 U.S.C. § 1332(d)(11(B)(i)).

Based on the record currently before the Court, there appears to be no proposal to try this case of ninety-four plaintiffs jointly with any other pending Essure device case. Therefore, the CAFA's mass action provision does not support the Court's exercise of removal jurisdiction.

### Conclusion

The Court is required to remand this lawsuit due to lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to remand [ECF No. 12] is

**GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri, under 28 U.S.C. § 1447(c).

Dated this 4th day of January, 2017.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE